United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Eloy Atkinson,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. __B-02-  041__ |
| NuCo$_2$, Inc.<br>A Florida Corporation<br>d/b/a FOWLER CARBONICS, INC.<br>    Defendant. | §<br>§<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES NuCo$_2$, Inc., Defendant in the above-referenced matter and pursuant to 28 U.S.C. §§ 1441 and 1446 files this its Notice of Removal and in support hereof would show the Court the following:

### I.
### PROCEDURAL HISTORY

On or about January 22, 2002, Plaintiff, Eloy Atkinson, filed his Original Petition in the County Court at Law No. 2, Cameron County, Texas, Cause No.2002-CCL-71-B, alleging that he was not paid for overtime work in violation of the Fair Labor Standards Act; he was terminated because he objected to being forced to drive excess hours in violation of various laws and regulations; he was discriminated against on the basis of his age and race/ethnicity in violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964; he was retaliated against in violation of Title VII of the Civil Rights Act of 1964; and he was not given proper notice regarding the termination of his health insurance.  Pursuant to 28 U.S.C. § 1446(a) and this Court's LR 81, a copy of all process in this case, pleadings asserting causes of action, orders

signed by the State Judge, and the docket sheet,[1] are attached hereto as Exhibit A. An Index of Matters Being Filed and a list of all Counsel of Record are being simultaneously filed with this Notice of Removal. Defendant was subsequently served with citation and filed its Original Answer and Affirmative Defenses on February 28, 2002. (*See* Def.'s Orig. Ans. and Aff. Defenses, attached hereto as Exhibit B).

## II.
## REMOVAL IS PROPER BECAUSE OF THE EXISTENCE
## OF A FEDERAL QUESTION

Plaintiff asserts that he was discriminated against on the basis of his national origin and was retaliated against in violation of Title VII. (*See* Pl.'s Orig. Pet. at 6-7). Additionally, Plaintiff asserts that he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act. (*See* Pl.'s Orig. Pet. at 6). Furthermore, Plaintiff alleges violations of the Fair Labor Standards Act. (*See* Pl.'s Orig. Pet. at 6). Because Plaintiff asserts causes of action arising under the laws of the United States, this Court has original jurisdiction over this civil action. *See* 28 U.S.C. § 1331. Given that this Court has original jurisdiction over this action, removal to this Court by Defendant is proper pursuant to 28 U.S.C. § 1441. *See also* 28 U.S.C. § 124(b)(4) (specifying that Cameron County falls within the United States District Court for the Southern District of Texas, Brownsville Division).

## III.
## REMOVAL IS PROPER BECAUSE THERE IS COMPLETE DIVERSITY

This court has original jurisdiction over this civil action since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Plaintiff's Original Petition alleges that Plaintiff currently resides in Texas. (*See* Pl.'s Orig. Pet. at 2). Plaintiff's Original Petition alleges that Defendant is a foreign corporation whose main

---

[1] The docket sheet has been requested from Cameron County, and the Notice of Removal will be supplemented with it once it has been received. The Cameron County District Clerk has represented to Defendant's Counsel that the only entry on the docket sheet is the Original Petition.

office is located at 2800 S.E. Market Place, Stuart, Florida 34997. (*See* Pl.'s Orig. Pet. at 2). Additionally, Defendant is incorporated as a Florida corporation. (*See* Affidavit of Eric Wechsler attached hereto and incorporated hereby by reference as Exhibit C). As a result, Defendant is not a Texas citizen for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (defining citizenship for corporations).

Because there is complete diversity of citizenship between the parties, this action may be removed pursuant to 28 U.S.C. § 1441. *See also* 28 U.S.C. § 124(d)(4) (specifying that Cameron County falls within the United States District Court for the Southern District of Texas, Brownsville Division). Accordingly, Defendant files this Notice of Removal in this Court, and Defendant has filed a Notice of Filing Notice of Removal in state court and a copy of the Notice filed in state court is attached hereto as Exhibit D.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court accept this Notice of Removal, assume jurisdiction of this cause, and grant Defendant such other and further relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

COX & SMITH INCORPORATED
112 East Pecan Street
Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 - FAX

By:_____
    Ramon D. Bissmeyer
    State Bar No. 00787088

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was sent via certified mail, return-receipt requested on March 1, 2001 to:

Mr. A.C. Nelson                 **CMRRR #71603901984469222597**
Law Office of A.C. Nelson
International Plaza, Suite 434
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Mr. David Horton                 **CMRRR #71603901984469222603**
Neel & Horton, L.L.P.
PO Box 2159
South Padre Island, Texas 78597

_____
Ramon D. Bissmeyer

4

# EXHIBIT "A"

LAW OFFICES OF

# NEEL & HORTON, LLP

JAMES J. NEEL
DAVID HORTON

RIO GRANDE VALLEY OFFICE
POSSUM PLAZA • 2ND FLOOR
POST OFFICE BOX 2159
SOUTH PADRE ISLAND, TEXAS 78597
TELEPHONE 956 761 6644 • TELECOPIER 956 761 7424

SOUTHWEST TEXAS - ALPINE
915 837 3162
LAREDO - 956 725 4044

008                     January 22, 2002

Hand Delivery by Velocity Express



The Hon. Joe Rivera
County Clerk - Cameron County
Cameron County Hall of Justice
974 East Harrison Street
Brownsville, TX 78520
956.544.0867t; 956.544.0894f

RE        :     *Eloy Atkinson*
                *Vs.  NuCO2, Inc. d/b/a Fowler Carbonics, Inc.*
                Cause No. ........
                (CCL - No. ___/Brownsville,Cameron County, TX)

SUBJECT   :     1)  P E T I T I O N, filing;
                2)  Citation and Service of Process

Dear Mr. Clerk:

     Enclosed for filing are  the original of the above pleading,
two copies of the first page of same, and our check # 7134,
$234.00, in payment of filing fees, including citation, and
service on defendant, as requested below.   Please file the
document, and file-mark the enclosed copies of the first page, and
return same to us in the enclosed self-addressed stamped envelopes.

     Also enclosed is a copy of the Petition for service on
defendant as requested below.   Please issue citation for the
defendant corporation, and serve its registered agent for service
by certified mail (return receipt requested) at the addresses shown
below.

                Prentice Hall Corporate System Service Company
                Registered Agent for Service for
                NuCO2, Inc. d/b/a //
                800 Brazos
                Austin, TX 78701

     Thank you for your assistance and please call as needed.

Sincerely,

NEEL & HORTON, L.L.P.


David Horton

enclosures: asa

c:   Mr. Eloy Atkinson

     Mr. A. C. Nelson


     NuCO2, Inc./ FOWLER CARBONICS, INC.
     2800 S.E. Market Place
     Stuart, Florida 34997
     561.221.1754 telephone
     561.2221.1690 telecopier
     UPS # F007 1757 22 1

009

In The
COUNTY COURT AT LAW - No. _____
CAMERON COUNTY
State of Texas

| | | |
|---|---|---|
| ELOY ATKINSON; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | Cause No. _____ |
| | § | |
| NuCO2 INC., | § | |
| A FLORIDA CORPORATION, | § | |
| d/b/a FOWLER CARBONICS, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

-------------------------------------------------------------------

**P E T I T I O N**

-------------------------------------------------------------------

### I   INTRODUCTION

1.   COMES NOW PLAINTIFF Eloy Atkinson, and files this original Petition. Plaintiff demands a jury in this employment discrimination case wherein Plaintiff seeks both equitable and legal remedies. Plaintiff asserts statutory claims including employment discrimination based on national origin/ethnicity (Mexican-American), retaliation, and age (over 40). Plaintiff also seeks to recover unpaid wages due as overtime earned but not paid.

### II   JURISDICTION

2.   The amount in controversy is within the jurisdictional limits of this court. All conditions precedent have been completed (See Exhibit A).

## III    PARTIES

### A.    Plaintiff

3.    Plaintiff Eloy Atkinson resides in Rio Hondo, Cameron County, Texas 78597.    Plaintiff is a former employee of the company.

### B.    Defendant

4.    Defendant NuCo2 Inc d/b/a Flowler Carbonics ("company," "employer" or by name), is a foreign corporation, whose main office is located at 2800 S.E. Market Place, Stuart, Florida 34997 (561.221.1754 telephone; 561.2221.1690 telecopier).

## IV    SERVICE OF PROCESS

5.    Plaintiff requests the Clerk issue citation and serve defendant with same by certified mail (return receipt requested), by serving the company's registered agent for service, to-wit:

> Prentice Hall Corporate System Service Company
> Registered Agent for Service for
> NuCO2, Inc. d/b/a /Fowler Carbonics, Inc.
> 800 Brazos
> Austin, TX 78701.

## V    STATEMENT OF THE CASE

### A.    Facts and Allegations

6.    The defendant company is in the business of selling carbonated liquids and beverage equipment in Texas and various other states.

7.    Plaintiff Atkinson began work with the company on or

PETITION                                                              2

about March 1, 1998, and defendants terminated him on or about June 13, 2000.  Plaintiff was Regional Manager of the Texas Region.

8.   Although the company classified plaintiff as a manager, in fact plaintiff spent most of his work time doing the same work of the employees he was supposed to supervise.  Plaintiff worked an average of 55 hours per workweek.   The company did not pay plaintiff overtime ("time and a half") for hours worked over 40 hours in each workweek.

9.   The company required plaintiff to perform various jobs which were done by the employees plaintiff supervised.  Plaintiff was required to make deliveries, installing equipment, train delivery truck drivers, and drive delivery trucks.   In time plaintiff observed that the company did not require all similarly situated managers to perform such duties.  Plaintiff observed that non-Hispanic managers were not required to perform such work.

10.   When plaintiff was driving trucks he was subject to the various laws and regulations which among other things limit the number of hours a person can drive a truck each day and during the workweek.   Persons who drive in excess of such limits are subject to both civil and criminal penalties.

11.   The company often made plaintiff drive in excess of the time limits referred to in paragraph 10, above.   On occasions plaintiff complained and told management that he did not want to drive in excess of the limits, for reasons including that to do so

was a crime. Despite plaintiff's objections, the company ordered plaintiff to drive in excess of the limits.

12.  On or about June 10, 2000 plaintiff by telephone called Lee Carter, Regional Manager- Central Region, whose office is in Oklahoma City, Oklahoma, and complained about being required to spend so much of his time doing deliveries, installations, and driving trucks. Plaintiff told Carter that such disparate treatment was discrimination against plaintiff.

13.  On or about June 13, 2000, another company manager, John Scollard, called plaintiff to discuss matters which plaintiff had discussed with Lee Carter.  John Scollard told plaintiff that the company and he would not tolerate such complaints as plaintiff had made to Lee Carter.  During the discussion plaintiff told John Scollard that such disparate treatment was discrimination against plaintiff because plaintiff was "Latin."  Defendant Scollard told plaintiff that he could either demote or terminate plaintiff.

14.  After the two telephone conversations with Lee Carter and defendant John Scholar, on June 13, 2000, John Scollard told plaintiff he was "fired."

15.  As part of the employment contract between plaintiff and the company, and among the terms and conditions of employment, the company agreed to comply with applicable wage and hour laws. Included in such agreement was an agreement to pay plaintiff time and a half for hours worked in excess of 40 in a workweek if

plaintiff were entitled to such overtime pay. Plaintiff alleges he
is entitled to such pay because most of the work the company made
him perform was the non-exempt work of the employees whom he
supervised.

16. After defendants terminated plaintiff he became
ineligible for membership in the company's group health insurance
plan. However, plaintiff became eligible for continuation
coverage, which plaintiff elected by paying the premium in July
2000, and once again plaintiff and his family had insurance
coverage.

17. During the first week of July 2000 when plaintiff paid
the first premium he advised the company that his son would have
surgery within a few days. Plaintiff's son had surgery on or about
July 11, 2000.

18. Defendant failed to advise plaintiff regarding payment of
premiums in matters including date due, where to send payments, and
when coverage would terminate. As the result of the company's
failure to explain such matters to plaintiff, plaintiff was unable
to make timely payment of the premium in August 2000 and the
insurance coverage lapsed without notice to plaintiff. As the
result of loss of insurance coverage, plaintiff incurred expenses
related to his son's surgery, and medical services rendered to
other family members.

19. After termination, plaintiff, on March 10 and 12, 2001

requested information regarding the group health plan, including copies of the summary plan description (Exhibits B and C.). Defendant failed to provide the requested information and documents.

### B.    Claims, Causes of Action and Remedies

20.   Defendants violated the Fair Labor Standards Act, and breached the employment contract by not paying plaintiff time and a half for hours worked in excess of 40 in a workweek if plaintiff were entitled to such overtime pay.

21.   Defendants terminated plaintiff because plaintiff objected to being forced to drive excess hours in violation of various law and regulations, which was a criminal violation.

22.   The defendant company discriminated against plaintiff based on race/ethnicity by regularly requiring plaintiff to perform manual work while not requiring the same from similarly situated managers who were not Mexican-Americans.   Such practice is in violation of Title VII of the Civil Rights Acts of 1964 and 1991, As Amended; 42 U.S.C. Sections 2000-e, *et seq.*; Section 1981 and 1981A.   Plaintiff also alleges the company violated the Age Discrimination in Employment Act in ways including terminating plaintiff.

23.   The defendant company discriminated against plaintiff by terminating plaintiff in retaliation for plaintiff's opposing practices made unlawful by Title VII of the Civil Rights Acts of

1964 and 1991, As Amended ("Title VII"). Plaintiff alleges his ethnicity, Mexican-American, and his age (over 40 years of age) also were factors in the company's decision to terminate plaintiff.

24. As the result of the company's failure to give notice to plaintiff regarding termination of insurance coverage for plaintiff and his family, plaintiff incurred substantial medical expenses related to his son's surgery and other medical services. Based on such matters which occurred after insurance coverage lapsed, plaintiff seeks to recover such expenses from the company.

**VI    DAMAGES**

25. The defendant company acted with intent and malice to cause plaintiff harm, and did do so. Defendant acted in reckless disregard of plaintiff's protected statutory rights.    In compensation therefor, plaintiff seeks both compensatory and punitive damages.

**VII    PRAYER FOR RELIEF**

26. WHEREFORE, Plaintiff prays upon final hearing hereof, the court enter judgment for Plaintiff, and grant such relief as requested below.

27. ORDER that plaintiff be reinstated, or in the alternative, order defendant to pay plaintiff appropriate front pay.

28. ORDER that defendants pay plaintiff any and all unpaid wages, backpay, and lost benefits.

29.   ORDER that defendants pay plaintiff both compensatory and punitive damages.

30.   ORDER that defendants pay plaintiff prejudgement and post judgement interest as allowed by law.

31.   ORDER that defendants pay plaintiff reasonable attorney's fees, costs, and expenses.

32.   ORDER such other and further relief as is proper and just.

Respectfully submitted,

A. C. Nelson
SBOT No. 14885600
LAW OFFICE OF
A. C. NELSON
International Plaza - Suite 434
3505 Boca Chica Blvd.
Brownsville, TX 78521
956.541.3601 telephone
956.541.1488 telecopier

David Horton
SBOT No. 10014500
NEEL & HORTON, L L.P.
Post Office Box 2159
South Padre Island, TX 78597
(956) 761.6644 Telephone
(956) 761.7424 Telecopier

Attorneys for Plaintiff
ELOY ATKINSON

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(Issued on request)*

To: Gloria Guerra
P. O. Box 15
RIO HONDO, TX 78583

From: EQUAL EMPLOYMENT OPPORTUNITY COMM.
San Antonio District Office
5410 Fredericksburg Road Suite 200
San Antonio Texas 78229

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 360A10304/Amended | Austin Jaycox | (210) 281-7650 |

( See the additional information attached to this form )

## NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_
For Pedro Esquivel, Director

10-25-2001
(Date)

Enclosure(s)

cc: NUCO 2 INC. (D/B/A FLOWER CARD)
2000 S. E. MONTEREY ROAD
STUART, FL 34997

EXHIBIT
A

CIGNA HealthCare

COPY

Re:     Certificate Number    -   1000 8257 654
        Beneficiary's Name     -   Floy Atkinson
        Employee's S.S. No.    -   01 2650
        Our Client ID          -   1000
        Your Client No.        -   00707

RULE:   Request for information and Plan Documents

Dear Client:

        We represent Mr. Floy Atkinson, former Plan member, as
indicated above. Enclosed is a copy of the certificate of
coverage as of November 17, 2000, showing dates of coverage as
March 1, 1999 through August 1, 2000.

        Please send us the appropriate Summary Plan Description(s),
and all other documents in your possession relating to him, including but
not limited to all correspondence and any notices sent to
him after his termination of employment about claims, enrollment, and any notices sent to
him about termination date of end of coverage, termination of
coverage, etc.

        Thank you, and please contact us if needed.

7099 3260 0001 4709 1291

CIGNA HealthCare

HealthCare
Eligibility Services
P.O. Box 9077
Melville, NY 11797-9077

CIGNA HealthCare

November 17, 2000

CLOY Atkinson
PO BOX 514
Rio Hondo, TX 78583-0514

Re: Certificate Group Health Plan Coverage

Dear CLOY ATKINSON:

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) is a federal act requiring employers and health insurance carriers to provide documentation of coverage when an individual loses health coverage. This letter will serve as your certification of prior coverage with CIGNA HealthCare.

> IMPORTANT - This certificate provides evidence of your prior health coverage. You may need to furnish this certificate if you become eligible under a group health plan that excludes coverage for certain medical conditions that you have before you enroll. This certificate may need to be provided if medical advice, diagnosis, care or treatment was recommended or received for the condition within the 6-month period prior to your enrollment in the new plan. If you become covered under another group health plan, check with the plan administrator to see if you need to provide this certificate. You may also need this certificate if, for yourself or your family, an insurance policy that does not exclude coverage for medical conditions that are present before you enroll.

1.  Certificate Identification number : 4130130000300-5
2.  Employee Social Security Number   : 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
3.  Client ID.                        : 2460
4.  Client name number

5.  If the individual named on this certificate has at least 18 months of creditable coverage (disregarding periods of coverage before a 63 day break), check here( ) and omit lines 6 and 7.

6.  Date waiting period or affiliation period (if any) began: This is generally your date of hire with your former employer (the Client named above). If you need to know what that date is, please call the number shown on line 9 below.

7.  Date coverage began: 03-01-1997
8.  Date coverage ended: 03-01-2000
9.  For further information, call Member Services at 1-800-862-3211.

This certification of coverage is based on information reasonably available to the administrator as of the date of this certificate of coverage. The administrator reserves the right to verify the information contained herein based on facts which are identified subsequent to the date of this notice. In all events, however, this certificate of coverage is available if prior health coverage and should not be used by any benefit providers, hospitals or other medical care providers for purposes of verifying any individual's coverage under the plan. If you have just changed coverage to another CIGNA HealthCare account, you may disregard this certificate.

CIGNA HealthC. would like to thank you for giving us the opportunity to serve your health care needs and we hope to serve you again in the near future.

Sincerely,

William J. Wirth, Director - Eligibility Services

DEPT. & HORTON, ...

... ...
... ...
1400 ... ... (800) 767-967
... ... ... ...

DATE:                          March 13, 2001

COPY

Human Resources
Buck & Park d/b/a Flowler Carbon ...
2400 S.E. Market Place
Stuart, FL 34997

RE      :   Certificate Id No.     -    4330 1908 8257 654
            Beneficiary's Name     -    Eloy Atkinson
            Employee S.S. No.      -    458 04 2650
            Your Client ID         -    2990
            Your Client Plan       -    H0C02

SUBJ    :   Request for Information and Plan Documents

Dear CIGNA :

        We represent Mr. Eloy Atkinson, former Plan member, as
referenced above.   Enclosed is a copy of the certificate of
coverage dated November 17, 2000, showing dates of coverage as
March 1, 1999 through August 1, 2000.

        Please send us the applicable Summary Plan Description(s),
copies of all documents in your files relating to his continuation
coverage, including but not limited to correspondence you sent to
him after his termination of employment on or about June 13, 2000,
and any notices sent to him after termination date regarding
coverage, termination of coverage, or both.

        Thank you, and please contact me as needed.

                                         P: 7099 3220 0001 4862 1243

Certified mail no. 7099 3220 0001 4862 12...
Return Receipt Requested

enclosure: as...

c:   Mr. Eloy Atkinson

       ... ... ...

EXHIBIT


CIGNA HealthCare

. Health Care
Eligibility Service.
.O. Box 9477.
Melville, NY 11747-9477

NOVEMBER 17, 2000

lllll.l.l.ll.l.ll.ll.ll.l.lllll.l.l.lll.l.l.l.l
ELOY ATKINSON
PO BOX 376
RIO HONDO, TX 78583-0376

RE: Certificate Group Health Plan Coverage

Dear ELOY ATKINSON:

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) is a federal act requiring employers and health insurance carriers to provide documentation of coverage when an individual loses health coverage. This letter will serve as your certification of prior coverage with CIGNA HealthCare.

+IMPORTANT - This certificate provides evidence of your prior health coverage. You may need to furnish this certificate if you become eligible under a group health plan that excludes coverage for certain medical conditions that you have before you enroll. This certificate may need to be provided if medical advice, diagnosis, care, or treatment was recommended or received for the condition within the 6 month period prior to your enrollment in the new plan. If you become covered under another group health plan, check with the plan administrator to see if you need to provide this certificate. You may also need this certificate to buy, for yourself or your family, an insurance policy that does not exclude coverage for medical conditions that are present before you enroll.

1.   Certificate Identification Number :  4100-00-02-7896
2.   Employee Social Security Number:      ###-##-###
3.   Client ID:                            2857
4.   Client Name: TGC2

5.   If the individual named on this certificate has at least 18 months of creditable coverage (disregarding periods of coverage before a 63 day break) , check here( ) and skip lines 6 and 7.

6.   Date waiting period or affiliation period (if any) began: This is generally your date of hire with your former employer (the Client named above). If you need to know what that date is, please call the number shown on line 9 below.

7.   Date coverage began: 03-01-1999
8.   Date coverage ended: 05-01-2000
9.   For further information, call Member Services at 1-800-652-9511.

This certification of coverage is based on information reasonably available to the administrator as of the date of this certificate of coverage. The administrator reserves the right to modify the information contained herein based on facts which are identified subsequent to the date of this notice. In all events, however, this certificate of coverage is evidence of prior health coverage and should not be used by any benefits providers, hospitals or other medical care providers for purposes of verifying any individual's coverage under the plan. If you have just changed coverage to another CIGNA HealthCare product, you may disregard this certificate.

CIGNA HealthCare would like to thank you for giving us the opportunity to serve your health care needs and we hope to serve you again in the near future.

Sincerely,

William F. Duff Director - Eligibility Services



Citation for Personal Service   - BY CERTIFIED MAIL        Lit. Seq. # 5.002.01

No. 2002-CCL-00071-B

————                    T H E   S T A T E   O F   T E X A S                    ————
————                                                                           ————

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: PRENTICE HALL CORPORATE SYSTEM SERVICE COMPANY
    REGISTERED AGENT FOR SERVICE FOR
    NUCO2, INC. D/B/A / FOWLER CARBONICS, INC.
    800 BRAZOS
    AUSTIN, TX 78701

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 2 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by DAVID HORTON (Attorney for Plaintiff or Plaintiff), whose address is P.O.BOX 2159 SOUTH PADRE ISLAND    78597-2159 on the 22nd day of JANUARY , A.D. 2002, in this case numbered 2002-CCL-00071-B on the docket of said court, and styled,

ELOY ATKINSON
vs.
NUCO2 INC. A FL CORPORATION D/B/A FOWLER CARBONICS

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's _____ORIGINAL PETITION_____

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, this the 5th day of FEBRUARY , A.D. 2002.

                    JOE G. RIVERA_____, County Clerk
                    Cameron County
                    974 E. Harrison St.
                    (P.O. Box 2178)
                    Brownsville, Texas 78522-2178

*SERVICE on A*

009

In The

COUNTY COURT AT LAW – No.

CAMERON COUNTY

State of Texas

**FILED FOR RECORD**

2̶ AT _____ O'CLOCK _____ M

**JAN 22 2002**

JOE G. RIVERA

CAMERON COUNTY CLERK

By _____ Deputy

ELOY ATKINSON; §
§
        Plaintiff, §
§
Vs. §   Cause No. 2002- CCL-71-B
§
NUCO2 INC., §
A FLORIDA CORPORATION, §
d/b/a FOWLER CARBONICS, INC. §
§
§
        Defendant. §

---

## P E T I T I O N

---

### I    INTRODUCTION

1.    COMES NOW PLAINTIFF Eloy Atkinson, and files this original Petition.  Plaintiff demands a jury in this employment discrimination case wherein Plaintiff seeks both equitable and legal remedies.  Plaintiff asserts statutory claims including employment discrimination based on national origin/ethnicity (Mexican-American), retaliation, and age (over 40).  Plaintiff also seeks to recover unpaid wages due as overtime earned but not paid.

### II    JURISDICTION

2.    The amount in controversy is within the jurisdictional limits of this court.  All conditions precedent have been completed (See Exhibit A).

P E T I T I O N                                                                1

### III   PARTIES

#### A.   Plaintiff

3.   Plaintiff Eloy Atkinson resides in Rio Hondo, Cameron County, Texas 78597.   Plaintiff is a former employee of the company.

#### B.   Defendant

4.   Defendant NuCo2 Inc d/b/a Flowler Carbonics ("company," "employer" or by name), is a foreign corporation, whose main office is located at 2800 S.E. Market Place, Stuart, Florida 34997 (561.221.1754 telephone; 561.2221.1690 telecopier).

### IV   SERVICE OF PROCESS

5.   Plaintiff requests the Clerk issue citation and serve defendant with same by certified mail (return receipt requested), by serving the company's registered agent for service, to-wit:

> Prentice Hall Corporate System Service Company
> Registered Agent for Service for
> NuCO2, Inc. d/b/a /Fowler Carbonics, Inc.
> 800 Brazos
> Austin, TX 78701.

### V   STATEMENT OF THE CASE

#### A.   Facts and Allegations

6.   The defendant company is in the business of selling carbonated liquids and beverage equipment in Texas and various other states.

7.   Plaintiff Atkinson began work with the company on or

PETITION                                                    2

about March 1, 1998, and defendants terminated him on or about June 13, 2000. Plaintiff was Regional Manager of the Texas Region.

8. Although the company classified plaintiff as a manager, in fact plaintiff spent most of his work time doing the same work of the employees he was supposed to supervise. Plaintiff worked an average of 55 hours per workweek. The company did not pay plaintiff overtime ("time and a half") for hours worked over 40 hours in each workweek.

9. The company required plaintiff to perform various jobs which were done by the employees plaintiff supervised. Plaintiff was required to make deliveries, installing equipment, train delivery truck drivers, and drive delivery trucks. In time plaintiff observed that the company did not require all similarly situated managers to perform such duties. Plaintiff observed that non-Hispanic managers were not required to perform such work.

10. When plaintiff was driving trucks he was subject to the various laws and regulations which among other things limit the number of hours a person can drive a truck each day and during the workweek. Persons who drive in excess of such limits are subject to both civil and criminal penalties.

11. The company often made plaintiff drive in excess of the time limits referred to in paragraph 10, above. On occasions plaintiff complained and told management that he did not want to drive in excess of the limits, for reasons including that to do so

P E T I T I O N                                                                              3

was a crime.  Despite plaintiff's objections, the company ordered plaintiff to drive in excess of the limits.

12.  On or about June 10, 2000 plaintiff by telephone called Lee Carter, Regional Manager- Central Region, whose office is in Oklahoma City, Oklahoma, and complained about being required to spend so much of his time doing deliveries, installations, and driving trucks. Plaintiff told Carter that such disparate treatment was  discrimination against plaintiff.

13.  On or about June 13, 2000, another company manager, John Scollard, called plaintiff to discuss matters which plaintiff had discussed with Lee Carter.  John Scollard told plaintiff that the company and he would not tolerate such complaints as plaintiff had made to Lee Carter.  During the discussion plaintiff told John Scollard that such disparate treatment was discrimination against plaintiff because plaintiff was "Latin."  Defendant Scollard told plaintiff that he could either demote or terminate plaintiff.

14.  After the two telephone conversations with Lee Carter and defendant John Scholar, on June 13, 2000, John Scollard told plaintiff he was "fired."

15.  As part of the employment contract between plaintiff and the company, and among the terms and conditions of employment, the company agreed to comply with applicable wage and hour laws. Included in such agreement was an agreement to pay plaintiff time and a half for hours worked in excess of 40 in a workweek if

P E T I T I O N                                                              4

plaintiff were entitled to such overtime pay.  Plaintiff alleges he is entitled to such pay because most of the work the company made him perform was the non-exempt work of the employees whom he supervised.

16. After defendants terminated plaintiff he became ineligible for membership in the company's group health insurance plan.  However, plaintiff became eligible for continuation coverage, which plaintiff elected by paying the premium in July 2000, and once again plaintiff and his family had insurance coverage.

17. During the first week of July 2000 when plaintiff paid the first premium he advised the company that his son would have surgery within a few days.  Plaintiff's son had surgery on or about July 11, 2000.

18. Defendant failed to advise plaintiff regarding payment of premiums in matters including date due, where to send payments, and when coverage would terminate.  As the result of the company's failure to explain such matters to plaintiff, plaintiff was unable to make timely payment of the premium in August 2000 and the insurance coverage lapsed without notice to plaintiff.  As the result of loss of insurance coverage, plaintiff incurred expenses related to his son's surgery, and medical services rendered to other family members.

19. After termination, plaintiff, on March 10 and 12, 2001

P E T I T I O N                                                    5

requested information regarding the group health plan, including copies of the summary plan description (Exhibits B and C.). Defendant failed to provide the requested information and documents.

### B.    Claims, Causes of Action and Remedies

20.   Defendants violated the Fair Labor Standards Act, and breached the employment contract by not paying plaintiff time and a half for hours worked in excess of 40 in a workweek if plaintiff were entitled to such overtime pay.

21.   Defendants terminated plaintiff because plaintiff objected to being forced to drive excess hours in violation of various law and regulations, which was a criminal violation.

22.   The defendant company discriminated against plaintiff based on race/ethnicity by regularly requiring plaintiff to perform manual work while not requiring the same from similarly situated managers who were not Mexican-Americans.   Such practice is in violation of Title VII of the Civil Rights Acts of 1964 and 1991, As Amended; 42 U.S.C. Sections 2000-e, et seq.; Section 1981 and 1981A.   Plaintiff also alleges the company violated the Age Discrimination in Employment Act in ways including terminating plaintiff.

23.   The defendant company discriminated against plaintiff by terminating plaintiff in retaliation for plaintiff's opposing practices made unlawful by Title VII of the Civil Rights Acts of

1964 and 1991, As Amended ("Title VII"). Plaintiff alleges his ethnicity, Mexican-American, and his age (over 40 years of age) also were factors in the company's decision to terminate plaintiff.

24. As the result of the company's failure to give notice to plaintiff regarding termination of insurance coverage for plaintiff and his family, plaintiff incurred substantial medical expenses related to his son's surgery and other medical services. Based on such matters which occurred after insurance coverage lapsed, plaintiff seeks to recover such expenses from the company.

## VI    DAMAGES

25. The defendant company acted with intent and malice to cause plaintiff harm, and did do so. Defendant acted in reckless disregard of plaintiff's protected statutory rights. In compensation therefor, plaintiff seeks both compensatory and punitive damages.

## VII    PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff prays upon final hearing hereof, the court enter judgment for Plaintiff, and grant such relief as requested below.

27. ORDER that plaintiff be reinstated, or in the alternative, order defendant to pay plaintiff appropriate front pay.

28. ORDER that defendants pay plaintiff any and all unpaid wages, backpay, and lost benefits.

29. ORDER that defendants pay plaintiff both compensatory and punitive damages.

30. ORDER that defendants pay plaintiff prejudgement and post judgement interest as allowed by law.

31. ORDER that defendants pay plaintiff reasonable attorney's fees, costs, and expenses.

32. ORDER such other and further relief as is proper and just.

Respectfully submitted,

A. C. Nelson
SBOT No. 14885600
LAW OFFICE OF
A. C. NELSON
International Plaza - Suite 434
3505 Boca Chica Blvd.
Brownsville, TX 78521
956.541.3601 telephone
956.541.1488 telecopier

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, TX 78597
(956) 761.6644 Telephone
(956) 761.7424 Telecopier

Attorneys for Plaintiff
ELOY ATKINSON

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(ISSUED ON REQUEST)*

To: EEOC Charge No.
P. O. BOX 515
RIO HONDO, TX 78583

From: EQUAL EMPLOYMENT OPPORTUNITY COMM.
San Antonio District Office
5410 Fredericksburg Road Suite 200
San Antonio, Texas 78229

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 360A10304Amended | Austin Jaycox | (210) 281-7650 |

( See the additional information attached to this form )

## NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA): This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[x] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[x] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
for   Pedro Esquivel, Director

10-25-2001
(Date)

Enclosure(s)

cc  NUCO 2 INC. (DBA:FLOWLER CARBO
2800 S. E. MARKET PLACE
STUART, FL 34997

EXHIBIT
A

COPY

RE:     Request for Information and Plan Documents

Dear Client:

We represent Mr. Eloy Atkinson, a former Plan member, as indicated below. Enclosed is a copy of the Certificate of coverage dated November 17, 2000, showing dates of coverage as January 1, 1999 through August 1, 2000.

Please send us the applicable Summary Plan Description(s), and all other documents in your file relating to him, including but not limited to correspondence sent to him after his termination of coverage on or about June 17, 2000, and any notices sent to him after a termination date regarding coverage, termination of coverage, or such.

Thank you for your prompt attention to this matter.

EXHIBIT
B

CIGNA Healthcare
Eligibility Services
P.O. Box 9577
Bohemia, NY 11747-9577



CIGNA HealthCare

November 17, 2000

ELOY ATKINSON
PO BOX 314
RIO HONDO, TX 78583-0314

Re: Certificate Group Health Plan Coverage

Dear ELOY ATKINSON:

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) is a federal act requiring employers and health insurance carriers to provide documentation of coverage when an individual loses health coverage. This letter will serve as your certification of prior coverage with CIGNA HealthCare.

> *IMPORTANT - This certificate provides evidence of your prior health coverage. You may need to furnish this certificate if you become eligible under a group health plan that excludes coverage for certain medical conditions that you have before you enroll. This certificate may need to be provided if medical advice, diagnosis, care, or treatment was recommended or received for the condition within the six-month period prior to your enrollment in the new plan. If you become covered under another group health plan, check with the plan administrator to see if you need to provide this certificate. You may also need this certificate to buy, for yourself or your family, an insurance policy that does not exclude coverage for medical conditions that are present before you enroll.*

1. Certificate Identification Number : W3503060597W0
2. Employee Social Security Number: 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
3. Client ID : 0769
4. Client Name : CCC

5. If the individual named on this certificate has at least 18 months of creditable coverage (disregarding periods of coverage before a 63 day break), check here( ) and skip lines 6 and 7.

6. Date waiting period or affiliation period (if any) began: This is generally your date of hire with your former employer (the Client named above). If you need to know what that date is, please call the number shown on line 9 below.

7. Date Coverage Began: 03-01-1997
8. Date Coverage Ended: 02-01-2000

9. For further information, call Member Services at 1-800-832-5211.

This certification of coverage is based on information reasonably available to the administrator as of the date of this certificate of coverage. The administrator reserves the right to modify the information contained herein based on facts which are identified subsequent to the date of this notice. In all events, however, this certificate of coverage is evidence of prior health coverage and should not be used by any benefits providers, hospitals or other medical care providers for purposes of verifying any individual's coverage under the plan. If you have just changed coverage to another CIGNA HealthCare product, you may disregard this certificate.

CIGNA HealthCare would like to thank you for giving us the opportunity to serve your health care needs and we hope to serve you again in the near future.

Sincerely,

William J. White, Director - Eligibility Services

ELLA HOSPITAL

SOUTHWEST TEXAS ALPINE

SOUTHWEST TEXAS (915) 268-7807

March 15, 2001

COPY

Human Resources
Head Quarters d/b/a Frosler Carbonics
2700 S.E. Market Place
Stuart, FL 34997

RE        :   Certificate ID No.     —   4330 1908 8257 654
              Beneficiary's Name    —   Eloy Atkinson
              Employee S.S. No.     —   458 04 2650
              Your Client I.        —   2990
              Your Client Name      —   NUCO2

SUBJ      :   Request for Information and Plan Documents

Dear Client:

     We represent Mr. Eloy Atkinson, former Plan member, as
reference above.   Enclosed is a copy of the certificate of
coverage dated November 17, 2000, showing dates of coverage as
March 1, 1999 through August 1, 2000.

     Please send us the applicable Summary Plan Description(s),
copies of all documents in your files relating to his continuation
coverage, including but not limited to correspondence you sent to
him after his termination of employment on or about June 13, 2000,
and any notices sent to him after termination date regarding
coverage, termination of coverage, or both.

     Thank you, and please contact me as needed.

                                              7099 5220 0001 4862 1248

Certified Mail no. 7099 5220 0001 1981 124
Return Receipt Requested

enclosure: asu

c:   Mr. Eloy Atkinson

EXHIBIT

Health Care
Eligibility Services
P.O. Box 9077
Melville, NY 11747-9077


CIGNA HealthCare

NOVEMBER 17, 2000

ELOY ATKINSON
PO BOX 314
RIO HONDO, TX 78583-0314

RE: Certificate Group Health Plan Coverage

Dear ELOY ATKINSON:

The Health Insurance Portability and Accountability Act of 1996 (HIPAA) is a federal act requiring employers and health insurance carriers to provide documentation of coverage when an individual loses health coverage. This letter will serve as your certification of prior coverage with CIGNA HealthCare.

> IMPORTANT - This certificate provides evidence of your prior health coverage. You may need to furnish this certificate if you become eligible under a group health plan that excludes coverage for certain medical conditions that you have before you enroll. This certificate may be needed if medical advice, diagnosis, care, or treatment was recommended or received for the condition within the 6 month period prior to your enrollment in the new plan. If you become covered under another group health plan, check with the plan administrator to see if you need to provide this certificate. You may also need this certificate to buy, for yourself or your family, an insurance policy that does not exclude coverage for medical conditions that are present before you enroll.

1.  Certificate Identification Number :   4350198462-7694
2.  Employee Social Security Number:      xxx-xx-xxxx
3.  Client ID:                            2296
4.  Client Name:  T0692

5.  If the individual named on this certificate has at least 18 months of creditable coverage (disregarding periods of coverage before a 63 day break), check here( ) and skip lines 6 and 7.

6.  Date waiting period or affiliation period (if any) began: This is generally your date of hire with your former employer (the Client named above). If you need to know what that date is, please call the number shown on line 9 below.

7.  Date coverage began: 05-01-1999

8.  Date coverage ended: 05-01-2000

9.  For further information, call Member Services at 1-800-632-8211.

This certification of coverage is based on information reasonably available to the administrator as of the date of this certificate of coverage. The administrator reserves the right to modify the information contained herein based on facts which are identified subsequent to the date of this notice. In all events, however, this certificate or coverage is evidence of prior health coverage and should not be used by any benefits providers, hospitals or other medical care providers for purposes of verifying any individual's coverage under the plan. If you have just changed coverage to another CIGNA HealthCare product, you may disregard this certificate.

CIGNA HealthCare would like to thank you for giving us the opportunity to serve your health care needs and we hope to serve you again in the near future.

Sincerely,

William J. Wolfe, Director - Eligibility Services

# EXHIBIT "B"

## CAUSE NO. 2002-CCL-71-B

| | | |
|---|---|---|
| **ELOY ATKINSON** | § | **IN THE COUNTY COURT** |
| **Plaintiff** | § | |
| **vs.** | § | |
| | § | **AT LAW NO. 2** |
| **NuCo₂, Inc.** | § | |
| **A Florida Corporation** | § | |
| **D/b/a FOWLER CARBONICS, INC.** | § | **CAMERON COUNTY, TEXAS** |
| **Defendant.** | § | |

## DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, VERIFIED DENIAL AND SPECIAL EXCEPTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant NuCo₂, Inc. and files this its Original Answer, Affirmative Defenses, Verified Denial and Special Exception and in support hereof would respectfully show the Court the following:

### I.
### GENERAL DENIAL

1.     Subject to such stipulations and admissions as may hereinafter be made, Defendant asserts a general denial as authorized by TEX. R. CIV. P. 92, and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of evidence as required by the Constitution and laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

2.     Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff has failed to mitigate any damages he may have suffered as a result of Defendant's alleged actions and, alternatively, that any damages suffered by Plaintiff should be reduced by

whatever income or economic benefits he has earned or received since he left his employment with Defendant.

3.      Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that, for any of Plaintiff's causes of action and/or claims which fall outside of the applicable statute of limitations, Plaintiff is barred recovery on those causes of action.

4.      Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff is limited in his recovery of compensatory and punitive damages for claims under Title VII of the Civil Rights Act of 1964 pursuant to 42 U.S.C. § 1981a(b)(3).

5.      Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively pleads that Plaintiff's claim for punitive damages is precluded by Defendant's good faith efforts to comply with Title VII.

6.      Pursuant to TEX. R. CIV. P. 94, Defendant affirmatively states that Plaintiff's action is arbitrary, capricious, and without basis in fact or in law and is brought by Plaintiff for the purpose of harassment.  Therefore, Defendant is entitled to its attorney's fees and costs in this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

### III.
### VERIFIED DENIAL

7.      Pursuant to TEX. R. CIV. P. 93(14), Defendant states that it does not do business under the assumed name as alleged.

### III.
### SPECIAL EXCEPTION

8.      Pursuant to TEX. R. CIV. P. 91, Defendant specially excepts to Paragraph 24 of Plaintiff's Original Petition as failing to provide adequate notice of the claims being

asserted against it.   Paragraph 24 purports to establish a claim against Defendant based upon an alleged failure to provide notice of the termination of Plaintiff's insurance coverage – an allegation that, even if true, fails to state a cause of action.  Based on this failure, Defendant asks that this Paragraph be stricken and that Plaintiff's claim(s) against it be dismissed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff be denied all relief requested in his Original Petition, that a take-nothing judgment be entered against Plaintiff, that Defendant recover its costs and attorneys' fees as prevailing party, and for such other relief, at law or in equity, both general and special, to which it may be justly entitled.

Respectfully submitted,

COX & SMITH INCORPORATED
112 East Pecan Street
Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 - FAX

By: _____
**Ramon D. Bissmeyer**
State Bar No. 00787088
**Megan P. Lindberg**
State Bar No. 24027596

ATTORNEYS FOR DEFENDANT

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served via certified mail, return-receipt requested, on February 27, 2002, to:

Mr. A. C. Nelson　　　　　　　　　　　**CMRRR#: 71603901984469222993**
The Law Offices of A. C. Nelson
International Plaza, Suite 434
3505 Boca Chica Blvd.
Brownville, Texas 78521

Mr. David Horton　　　　　　　　　　　**CMRRR#: 71603901984469222986**
Neel & Horton, LLP
P. O. Box 2159
South Padre Island, Texas 78597

Ramon D. Bissmeyer
Megan P. Lindberg

4

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Eric M. Wechsler, General Counsel for NuCo$_2$, Inc., and upon his oath on behalf of NuCo$_2$, Inc. stated that the facts stated in Paragraph 7 are true and correct.


_____
Eric M. Wechsler

SWORN and SUBSCRIBED before me on this 26th day of February, 2002.


Marianne J. Kardos
MY COMMISSION # CC993563 EXPIRES
February 14, 2005
BONDED THRU TROY FAIN INSURANCE, INC.

_____
Notary Public, State of Florida

5

398039 1

# EXHIBIT "C"

## AFFIDAVIT OF ERIC M. WECHSLER

Before me, the undersigned authority, personally appeared Eric M. Wechsler, who, being by me duly sworn, deposed as follows:

"My name is Eric M. Wechsler.  I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

"I am currently employed as General Counsel of NuCo$_2$ Inc.  ("NuCo$_2$").

NuCo$_2$ is a corporation organized under the laws of the state of Florida. NuCo$_2$ has maintained, and continues to maintain, its principal place of business in Sturart, Florida.

"Further, Affiant sayeth not."

_Eric M. Wechsler_
Eric M. Wechsler

SWORN TO AND SUBSCRIBED before me on the 26th day of February, 2002.

Marianne J. Kardos
MY COMMISSION # CC995363 EXPIRES
February 14, 2005
BONDED THRU TROY FAIN INSURANCE, INC.

_Marianne J. Kardos_
Notary Public/State of Florida

398307 1

# EXHIBIT "D"

## CAUSE NO. 2002-CCL-72-B

| | | |
|---|---|---|
| **Eloy Atkinson,** | § | **IN THE COUNTY COURT** |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **AT LAW NO. 2 OF** |
| **NuCo₂, Inc.** | § | |
| **A Florida Corporation** | § | |
| **d/b/a FOWLER CARBONICS, INC.** | § | |
| **Defendant** | § | **CAMERON COUNTY, TEXAS** |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DEFENDANT, NuCo₂, Inc., Inc. and files this its Notice of Filing Notice of Removal and would respectfully show the Court the following:

On March 1, 2002, Defendant filed its Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division based on the existence of a federal question and diversity jurisdiction. A true and correct copy of that Notice of Removal is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), Defendant files this Notice of Filing Notice of Removal with this Court.

Respectfully submitted,

COX & SMITH INCORPORATED
112 East Pecan Street
Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 - FAX

By: _____
Ramon D. Bissmeyer
State Bar No. 00787088
Megan P. Lindberg
State Bar No. 24027596

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was served sent via certified mail, return receipt requested on March 1, 2002 to:

Mr. A. C. Nelson                                          CMRRR #71603901984469222962
Law Office of A. C. Nelson
International Plaza, Suite 434
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Mr. David Horton
Nell & Horton, LLP
P. O. Box 2159
South Padre Island, Texas  18597            CMRRR #71603901984469222979

Ramon D. Bissmeyer
Megan P. Lindberg

398117.1

2




# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

MAR 0 4 2002

Michael N. Milby
Clerk of Court

Eloy Atkinson,　　　　　　　　§
　　　Plaintiff,　　　　　　　　§
　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　§　　Case No. ___B-02- 041___
　　　　　　　　　　　　　　　　§
NuCo₂, Inc.　　　　　　　　　　§
A Florida Corporation　　　　　　§
d/b/a FOWLER CARBONICS, INC.　§
　　　Defendant.　　　　　　　　§

## COUNSEL OF RECORD

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW NuCo₂, Inc., Defendant in the above referenced matter,

and pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81, files this List of

All Counsel of Record setting forth all counsel of record in this matter:

### Attorneys for Plaintiff Eloy Atkinson

A.C. Nelson
Law Offices of A.C. Nelson
International Plaza, Suite 434
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Texas State Bar No. 14885600
Tel. (956) 541-3601
Fax (956) 541-1488

David Horton
Neel & Horton, LLP
PO Box 2159
South Padre Island, Tx. 78597
Texas State Bar No. 10014500
Tel. (956) 761-6644
Fax (956) 761-7424

### Attorneys for Defendant NuCo₂, Inc.

Ramon D. Bissmeyer
Cox & Smith Incorporated
112 East Pecan, Suite 1800
San Antonio, Texas 78205-1521
State Bar No. 00787088
Tel. (210) 554-5500
Fax (210) 226-8395

398476.1

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that this Court accept this List of All Counsel of Record.

Respectfully submitted,

COX & SMITH INCORPORATED
112 East Pecan Street
Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 - FAX

By _____
Ramon D. Bissmeyer
State Bar No. 00787088

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was sent via certified mail, return-receipt requested on March 1, 2002 to:

Mr. A.C. Nelson                         **CMRRR #7160390198446922597**
Law Office of A.C. Nelson
International Plaza, Suite 434
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Mr. David Horton                        **CMRRR #7160390198446922603**
Neel & Horton, L.L.P.
PO Box 2159
South Padre Island, Texas 78597

_____
Ramon D. Bissmeyer

398476.1

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Eloy Atkinson,<br>    **Plaintiff,** | §<br>§<br>§ | |
| v. | §<br>§ | Case No. _____ |
| NuCo$_2$, Inc.<br>A Florida Corporation<br>d/b/a FOWLER CARBONICS, INC.<br>    **Defendant.** | §<br>§<br>§<br>§ | **B-02- .041** |

## INDEX OF MATTERS BEING FILED

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW NuCo$_2$, Inc., Defendant in the above referenced matter and pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81 files this Index of Matters Being Filed as follows:

1.    Civil Cover Sheet

2.    Index of Matters Being Filed

3.    List of All Counsel of Record

4.    Notice of Removal

5.    Exhibit A

    a. Cover Letter regarding Filing of Original Petition
    b. Copy of Original Petition
    c. Citation for Personal Service and Original Petition

6.    Exhibit B:  Defendant's Answer, Affirmative Defenses and Special Exception

7.    Exhibit C:  Affidavit of Eric Wechsler

8.    Exhibit D:  Notice of Filing of Notice of Removal

398468.1

WHEREFORE PREMISES CONSIDERED, Defendant respectfully requests that this Court accept this Index of Matters Being Filed.

Respectfully submitted,

COX & SMITH INCORPORATED
112 East Pecan Street
Suite 1800
San Antonio, Texas 78205
(210) 554-5500
(210) 226-8395 - FAX

By: _____
Ramon D. Bissmeyer
State Bar No. 00787088

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was sent via certified mail, return-receipt requested on March 1, 2002 to:

Mr. A.C. Nelson                                     CMRRR #71603901984469222597
Law Office of A.C. Nelson
International Plaza, Suite 434
3505 Boca Chica Blvd.
Brownsville, Texas 78521

Mr. David Horton                                   CMRRR #71603901984469222603
Neel & Horton, L.L.P.
PO Box 2159
South Padre Island, Texas 78597

_____
Ramon D. Bissmeyer

398468.1