IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUN 2 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ELOY ATKINSON | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-02-041 |
| NUCO2, INC. | § | |
| Defendant. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Counsel for Plaintiff, David Horton, and Counsel for Defendant, Megan Lindberg, initially conferred regarding this Plan during the week beginning Monday, May 20, 2002. Subsequently, Mr. Horton and Counsel for Defendant, Ramon D. Bissmeyer, completed the parties' conference regarding this Plan on Friday, May 31, 2002.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

    None.

3. Specify the allegation of federal jurisdiction.

    Plaintiff asserts that he was discriminated against on the basis of his national origin and was retaliated against in violation of Title VII. Additionally, Plaintiff asserts that he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act. Furthermore, Plaintiff alleges violations of the Fair Labor Standards Act. Because Plaintiff asserts causes of action arising under the laws of the United States, this Court has original jurisdiction over this civil action. See 28 U.S.C. § 1331. Additionally, this Court has original jurisdiction over this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

4. Name the parties who disagree and the reasons.

    Neither party disagrees regarding federal jurisdiction.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None.

6. List anticipated interventions.

   None.

7. Describe class-action issues.

   None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Initial Disclosures have not yet been made. Plaintiff anticipates that he will serve his Initial Disclosures on or before June 26, 2002. Defendant anticipates that it will serve its Initial Disclosures on or before July 10, 2002.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      1. Pursuant to FED. R. CIV. P. 26(f)(2), Plaintiff and Defendant have identified the following subjects on which discovery may be needed:

         a. The facts and circumstances supporting Plaintiffs' allegations;

         b. Damages suffered by Plaintiff;

         c. Plaintiff's mitigation of damages;

         d. Affirmative defenses, including any that may become known through discovery.

         The parties believe that discovery should be completed by January 31, 2003. The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues, other than those identified herein.

      2. Pursuant to FED. R. CIV. P. 26(f)(3), Plaintiff and Defendant have agreed that, at this time, no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule and that no other limitations should be imposed.

      3. Pursuant to FED. R. CIV. P. 26(f)(4), Plaintiff and Defendant have agreed that no other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) at this time.

B.  When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates serving interrogatories upon Defendant within fourteen (14) days of his receipt of Defendant's Initial Disclosures.

C.  When and to whom the defendant anticipates it may send interrogatories.

Defendant anticipates serving interrogatories upon Plaintiff within fourteen (14) days of its receipt of Plaintiff's Initial Disclosures.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking oral depositions of Lee Carter and John Scollard within thirty (30) to forty five (45) days following his receipt of Defendant's responses to Plaintiff's discovery. Plaintiff may also take the depositions of other pertinent witnesses who may be identified in Defendant's Initial Disclosures and/or discovery responses within this same period of time.

E.  Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the oral deposition of Plaintiff within thirty (30) to forty five (45) days following its receipt of Plaintiff's responses to Defendant's discovery. Defendant may also take the depositions of other pertinent witnesses who may be identified in Plaintiff's Initial Disclosures and/or discovery responses within this same period of time.

F.  List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

None.

Respectfully submitted,

A.C. Nelson
State Bar No. 14885600
**Law Offices of A.C. Nelson**
International Plaza, Suite 434
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Tel. (956) 541-3601
Fax (956) 541-1488

**Neel & Horton, LLP**
PO Box 2159
South Padre Island, Tx. 78597
Tel. (956) 761-6644
Fax (956) 761-7424

By: /s/ David Horton  w/ permission
David Horton
State Bar No. 10014500

ATTORNEYS FOR PLAINTIFF

**Cox & Smith Incorporated**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205-1521
(210) 554-5500
(210) 226-8395 (FAX)

By: /s/ Ramon D. Bissmeyer
Ramon D. Bissmeyer
State Bar No. 00787088

ATTORNEYS FOR DEFENDANT