043

In The
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

United States District Court
Southern District of Texas
FILED

NOV 2 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ELOY ATKINSON; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | C. A. No. B-02-041 |
| | § | |
| NuCO2 INC., | § | |
| A FLORIDA CORPORATION, | § | |
| d/b/a FOWLER CARBONICS, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

----------------------------------------------------------------

**PLAINTIFF ELOY ATKINSON'S
DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS,
AND POTENTIAL EXHIBITS**

----------------------------------------------------------------

1.  COMES NOW PLAINTIFF ELOY ATKINSON'S in the above case, and pursuant to the court's order and Rule 26(a), files this *PLAINTIFF ELOY ATKINSON'S DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS, AND POTENTIAL EXHIBITS.*

2.  *Potential Fact Witnesses*:    At this time plaintiff considers the following persons to be potential witnesses: **1)** Plaintiff **Eloy Atkinson,** Post Office Box 314, Rio Hondo, TX 78583, 956.748.2427 t Plaintiff will testify regarding matters alleged in his complaint. **2) Lee Carter,** company manager, current address unknown. Plaintiff expects him to testify regarding facts relevant to plaintiff's conditions of employment and plaintiff's

PLAINTIFF ELOY ATKINSON'S
DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS,
AND POTENTIAL EXHIBITS                                                          1

termination. **3) John Scollard,** company manager, current address unknown. Plaintiff expects him to testify regarding facts relevant to plaintiff's conditions of employment and plaintiff's termination. **4)David Parker,** supervisor, current address unknown, **5) Hank Mueller,** company employee, current address unknown. **6) Marianne Kardos,** Director of Human Resources, NuCo2 Inc., 2800 S. E. Market Place, Sturart, Florida 34997, 561.221.1754. Plaintiff expects her to testify regarding facts relevant to the company's personnel practices and policies, administration of employee benefits, records keeping, plaintiff's conditions of employment, and plaintiff's termination. **7) Company's representative,** identity unknown at this time. Plaintiff expects him to testify regarding facts relevant to the company's personnel practices and policies, administration of employee benefits, records keeping, plaintiff's conditions of employment, corporate structure, financial matters and plaintiff's termination. **8) Plaintiff's counsel** may testify regarding reasonable attorney's fees, but at present neither has been retained by plaintiff as an expert. **9) Defendant's counsel** may testify regarding reasonable attorney's fees.

      3.    *Expert Witnesses.* Plaintiff has not retained and does not expect to retain any expert witness. Plaintiff may retain a lawyer to testify regarding reasonable attorney's fees, if plaintiff prevails at trial. To date no such person has been retained.

PLAINTIFF ELOY ATKINSON'S
DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS,
AND POTENTIAL EXHIBITS                           2

4.   *Potential Exhibits*. At this time plaintiff considers the following things to be potential exhibits: 1) the EEOC file, including documents showing subject matter jurisdiction over this case.   2) Plaintiff's personnel file and all other company documents however designated related to plaintiff's employment with the company and the termination of his employment.   3) Documents showing times when plaintiff and others similarly situated drove delivery trucks.  This includes all logs mandated by any government agency regarding such matters.   4) All employee handbooks in effect during plaintiff's employment.   5) All written policies regarding unlawful harassment in effect during plaintiff's employment.   6) All documents showing any internal complaint review procedure in effect during plaintiff's employment.   7) All documents showing complaints, charges, or lawsuits related to labor and employment matters at issue in this case from January 1, 1997 to time of trial. 8) All documents produced by the parties in discovery. 9) If plaintiff prevails and claims for fees and costs become relevant, documents showing fees for services rendered by defendant's counsel to the company this matter.

5.   *Supplementation*.   Plaintiff will supplement these disclosures after discovery is complete as may be appropriate.

Respectfully submitted,

*[signature]*

A. C. Nelson
SBOT No. 14885600
LAW OFFICE OF
A. C. NELSON
International Plaza - Suite 434
3505 Boca Chica Blvd.
Brownsville, TX 78521
956.541.3601 t, 956.541.1488 f

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, Texas 78597
956.761.6644 t,956.761.7424 f

Attorneys for Plaintiff
ELOY ATKINSON

--------------------------------------------------------------

## CERTIFICATE OF SERVICE

I served a copy of this document on counsel of record, to-wit:

Mr. Ramon Bissmeyer
COX & SMITH
INCORPORATED
112 East Pecan Street
    Suite 1800
San Antonio, TX 78205-1521
210.554.5500 telephone
210.226.8395 telecopier,

by First Class Mail, on Friday, November 23, 2002.

*[signature]*

David Horton

PLAINTIFF ELOY ATKINSON'S
DESIGNATION OF POTENTIAL WITNESSES, TESTIFYING EXPERTS,
AND POTENTIAL EXHIBITS                                          4